

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,419-02

**EX PARTE CALLIE ANN MARSHALL, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W09-00741-J(B) IN THE CRIMINAL DISTRICT COURT NUMBER THREE FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony murder and sentenced to sixty years' imprisonment. The Fifth Court of Appeals affirmed her conviction. *Marshall v. State*, No. 05-09-00902-CR (Tex. App.—Dallas June 22, 2011) (not designated for publication).

Applicant contends that her trial counsel rendered ineffective assistance because counsel retained a psychological expert to testify at the guilt-innocence phase of trial on diminished capacity, a defense that does not exist in Texas. Applicant further contends that counsel's lack of

understanding of the defenses available to Applicant caused the development of a trial strategy that was constitutionally ineffective . No findings of fact and conclusions of law have been entered by the trial court regarding Applicant's claim for relief. However, the State responds to Applicant's claim, in pertinent part:

> The State believes that further factual investigation is necessary to determine the merit, if any, to applicant's instant habeas allegations of ineffective assistance of counsel. To that end, the State requests that this Court issue an order designating issues and gather evidence, as is customary, by way of affidavit from defense counsel Pia Rodriguez. Pending production of evidence substantiating applicant's claim, the State denies applicant's allegations.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for

habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 12, 2018

Do not publish